1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

6

7    BOARD OF TRUSTEES OF THE IBEW PACIFIC
     COAST PENSION FUND,                          NO.   3:15-cv-5860

8                         Plaintiff,              COMPLAINT

9                 vs.

10   BLACK HILLS ELECTRIC, INC., a Washington
     corporation,

11

12                        Defendant.
     _____

13   Plaintiff alleges as follows:

14                      I. **PARTIES AND JURISDICTION**

15          1.1     Plaintiff IBEW Pacific Coast Pension Fund, referred to as the "Trust" or "Trust

16   Fund," is a multiemployer pension plan established for the purpose of providing pension

17   benefits to eligible members, retirees, and their beneficiaries. The Trust is a joint labor-

18   management Trust Fund created pursuant to Section 302(c)(5) of the Labor Management

19   Relations Act (LMRA), 29 U.S.C. § 186(c)(5), and is governed by the Employee Retirement

20   Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., as amended. The Trust is

21   governed by an appointed Board of Trustees, who are individually and collectively fiduciaries

22   of the Trust and are entitled to bring this action under ERISA Section 4301; 29 U.S.C. § 1451.

23

COMPLAINT - 1                                    **Turner, Stoeve & Gagliardi, P.S.**
                                                 201 W. North River Drive, Suite 190
                                                 Spokane, WA  99201
                                                 (509) 326-1552; (509) 325-1425 (Fax)

1.2     Defendant Black Hills Electric, Inc., hereinafter referred to as "Black Hills," is a Washington state corporation. Black Hills conducts electrical contracting business in the Western District of Washington.  Black Hills is the successor corporation to Deer Creek Electric, Inc., hereinafter referred to as "Deer Creek." Deer Creek was a Washington corporation that conducted similar electrical contracting business in the Western District of Washington. Deer Creek's corporate status is inactive. The corporate officers of Deer Creek were Richard Maloney and Sandra Maloney. The corporate officer of Black Hills is Cheri Jackson, who is Sandra Maloney's sister.

1.3     The Trust alleges Black Hills failed to timely pay withdrawal liability in violation of ERISA Section 4319; 29 U.S.C. § 1399. This Court has jurisdiction pursuant to ERISA Section 4301(c); 29 U.S.C. § 1451(c). Venue in this Court is proper pursuant to ERISA Section 4301(d); 29 U.S.C. § 1451(d).

## II. FACTUAL BACKGROUND

2.1     In or about 2004, Deer Creek became signatory to Letters of Assent binding it to Collective Bargaining and Trust Agreements between Southwest Washington National Electrical Contractors Association, Inc. and the International Brotherhood of Electrical Workers Local Union 76. These agreements required the payment of employee fringe benefit contributions to the Trust Fund for each hour of covered employment performed within the jurisdiction covered by the plan. Employees of Deer Creek performed electrical contracting work in the jurisdiction for which fringe benefit contributions were required.

2.2     Deer Creek ceased performing commercial, industrial, and residential electrical work in the jurisdiction in or about September 2012. By ceasing to perform work in the

COMPLAINT - 2

1    jurisdiction, Deer Creek effectively terminated its participation in the Trust Fund. An

2    employer that ceases participation in an ERISA pension plan is potentially liable for its share

3    of unfunded vested liabilities under ERISA Section 4203; 29 U.S.C. § 1383.

4          2.3     Black Hills was formed in October 2012 and began performing the same type

5    of covered electrical work in the jurisdiction previously performed by Deer Creek. Black Hills

6    retained a significant portion of Deer Creek's electrical contracting business. A substantial

7    number of Deer Creek's customers became customers of Black Hills. Additionally, Deer

8    Creek workers began working for Black Hills and continued doing the same type of work that

9    required Deer Creek to pay contributions, yet Black Hills has not made any fringe benefit

10    contributions to the Trust Fund.

11         2.4     Richard Maloney acted in a supervisory capacity as Deer Creek's project

12    manager. When Deer Creek ceased operations, Mr. Maloney acted in a supervisory capacity

13    as Black Hills's project manager. Mr. Maloney manages company operations including client

14    relations, project bidding, and materials purchasing.

15         2.5     Like Mr. Maloney, Wes Hillman serves in a supervisory capacity as project

16    manager for Black Hills. Mr. Hillman previously performed commercial, industrial, and

17    residential electrical work for Deer Creek. When Black Hills formed in 2012, Mr. Hillman

18    continued performing the same type of electrical work for Black Hills. As project manager,

19    his responsibilities include client relations, project bidding, and materials purchasing.

20         2.6     In October 2014, the Trust Fund calculated Deer Creek's withdrawal liability

21    in the amount of $523,101. Demand for payment of the withdrawal liability was made on

22    Deer Creek in December 2014. After Deer Creek asserted it was not responsible for

23

COMPLAINT - 3

**Turner, Stoeve & Gagliardi, P.S.**
201 W. North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552; (509) 325-1425 (Fax)

withdrawal liability, a second demand was made in February 2015. Deer Creek and Black Hills failed to pay withdrawal liability and were sent a notice of default in May 2015. Black Hills responded, arguing it was not responsible for payment of withdrawal liability.

### III.  CAUSE OF ACTION – VIOLATION OF ERISA SEC. 4219; 29 U.S.C. § 1399

3.1      A construction industry employer is exempt from withdrawal liability under ERISA Sec. 4203(b); 29 U.S.C. § 1383(b) if it ceases to perform covered work in the jurisdiction for which contributions were required. This exemption does not apply to an employer that terminates its participation in a plan, undergoes a technical change in entity status, and then continues performing covered work within the jurisdiction.

3.2      Black Hills is the successor to Deer Creek due to Black Hills retaining a significant portion of Deer Creek's business, body of customers, and workforce. Several persons working for Black Hills used to work for Deer Creek and are doing the same type of work for the same or similar customers.

3.3      Black Hills, as successor to Deer Creek, is a construction industry employer. Black Hills has continued performing work in the jurisdiction covered by the plan, does not contribute to the plan, and has not paid the Trust Fund the assessed withdrawal liability in violation of ERISA Sec. 4219; 29 U.S.C. § 1399.

3.4      Unpaid withdrawal liability is treated as delinquent contributions under ERISA Sec. 4301(b); 29 U.S.C. § 1451(b). Under ERISA Sec. 515; 29 U.S.C. § 1145, contributions shall be made consistent with the terms and conditions of collective bargaining and trust agreements. Pursuant to the Trust Fund Agreement, Black Hills is liable for liquidated damages of 20% of the amount of unpaid withdrawal liability. Additionally, unpaid

**Turner, Stoeve & Gagliardi, P.S.**
201 W. North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552; (509) 325-1425 (Fax)

1   withdrawal liability accrues interest in accordance with ERISA Sec. 4219(6); 29 U.S.C. § 29

2   U.S.C. 1399(6).

3       3.5     Since this is an action to enforce ERISA Sec. 515; 29 U.S.C. § 1145—

4   withdrawal liability as delinquent contributions—the Trust Fund is entitled, under ERISA

5   Sec. 502(g); 29 U.S.C. § 1132(g), to recover from Black Hills the unpaid withdrawal liability,

6   interest on the amount of unpaid liability, liquidated damages of 20%, reasonable attorney

7   fees and costs incurred by the Trust, and any other equitable relief deemed appropriate by the

8   court.

## IV. REQUEST FOR RELIEF

10  Plaintiff requests that the court grant the following relief:

11      4.1     For judgment in favor of the Trust and against Black Hills for unpaid

12  withdrawal liability, liquidated damages, interest, and attorney fees and costs incurred by the

13  Trust;

14      4.2     For such other and further relief as this court deems just.

15      DATED this 24th day of November, 2015.

16                          TURNER, STOEVE & GAGLIARDI, P.S.

17                          s/Jed W. Barden
                            JED W. BARDEN, WSBA #38188
18                          Attorney for Plaintiff

19

20

21

22

23

COMPLAINT - 5

**Turner, Stoeve & Gagliardi, P.S.**
201 W. North River Drive, Suite 190
Spokane, WA  99201
(509) 326-1552; (509) 325-1425 (Fax)